1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRED JACKSON, | Case No.  1:21-cv-0774-BAM (PC) |
| Plaintiff, | ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION |
| v. | |
| BITER., | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION WITH PREJUDICE FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF |
| Defendant. | |
| | (ECF No. 1) |
| | **FOURTEEN (14) DAY DEADLINE** |

        Plaintiff Fred Jackson ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983.  Plaintiff's complaint, filed on May 13, 2021, is currently before the Court for screening.  (ECF No. 1.)

**I.      Screening Requirement and Standard**

        The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

## II.     Plaintiff's Allegations

Plaintiff is currently housed at California Correctional Institution in Tehachapi, California. Plaintiff alleges events in the complaint occurred at Kern Valley State Prison. Plaintiff names M.D. Biter, Warden, as the sole defendant.

Plaintiff alleges as follows.  In a prior action, Plaintiff sued Defendant M.D. Biter, Warden, for alleged prolonged exposure to arsenic in water.  *Jackson v. Biter et al.*, Kern County Superior Court, CV-281820 ("*Biter I*"). On January 22, 2018, Plaintiff was denied access to appear at his *Biter I* court hearing on summary judgment and for appointment of an expert witness. The expert witness Plaintiff requested to be appointed in *Biter I* would show Plaintiff's causation of arsenic long term poisoning and injuries of enlarged prostrate and white pigmentation spots. Judge Schuett made a court order for the warden to make Plaintiff available by telephone court call appearance for a motion for summary judgment brought by Defendant. The prison counselor responsible for making that call lied to Plaintiff claiming she called the court, but the court records reflect that she never called into the court for the hearing.  Plaintiff was blamed for the nonappearance because of the counselor's intentional obstruction and refusing

to call the court, which denied Plaintiff access to court. Plaintiff was denied access to the court in *Biter I* for the hearing on the court appointed expert and to respond to defendant's objections to Plaintiff's evidence.  The judge blamed Plaintiff for not appearing and dismissed the court appointed expert hearing and granted summary judgment for defendant.  If Plaintiff had not been denied the appearance, a more favorable outcome would have happened because the court appointed expert would have confirmed the 3-7 years for white pigmentation spots to manifest and not the 20 years as opined by defendant's expert.

At the hearing, Plaintiff could have proved he was eligible for the court fee waivers under state law due to his poverty level.  Plaintiff's appearance would have allowed the court to appoint an expert witness to testify about any disputed facts in the case consistent with long term arsenic exposure.  Being denied appearance at the expert witness hearing destroyed Plaintiff's case and prevented him from moving forward to trial after years of litigation. The judge made a court order to have Plaintiff appear, and Plaintiff cannot force prison officials to have him appear.  But the blame was placed all on Plaintiff for not appearing. Plaintiff claims that the denial of allowing him to appear at the court hearing was a deprivation of due process/equal protection.  Because Plaintiff was not allowed to make the court appearance, the court ruled against Plaintiff on discovery evidence and production of documents which was excluded.  Plaintiff seems to also challenge the trial judge's decision to exclude evidence and grant summary judgment against Plaintiff as an abuse of discretion.

Plaintiff alleges that on January 17, 2018, in *Biter I,* the Attorney General delivered the opposition to Plaintiff's response regarding evidence to the summary judgment.  The delivery did not give Plaintiff time to respond in writing due to the prison mail system.  Defendant's counsel was aware that Plaintiff would not be able to respond in writing before the court hearing on January 22, 2018 and Plaintiff would be required to orally present his objection.  Plaintiff was not allowed to appear on the court call, and the trial judge immediately granted defendant's motion, cancelled Plaintiff's expert witness appointment hearing, and denied Plaintiff's critical index of evidence.  Plaintiff's evidence was excluded due to his denial to appear in court.  Plaintiff does not identify the remedies he seeks.

1

### III.   Discussion

2

Plaintiff's complaint fails to state a cognizable claim for relief.

3

### A.   Supervisor Liability

4

Insofar as Plaintiff is attempting to sue Defendant Biter as a supervisor, based solely upon

5

his supervisory role, he may not do so. Liability may not be imposed on supervisory personnel for

6

the actions or omissions of their subordinates under the theory of respondeat superior. *Iqbal*, 556

7

U.S. at 676–77; *Simmons v. Navajo Cty., Ariz.,* 609 F.3d 1011, 1020–21 (9th Cir. 2010); *Ewing v.*

8

*City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones v. Williams*, 297 F.3d 930, 934 (9th

9

Cir. 2002)

10

Supervisors may be held liable only if they "participated in or directed the violations, or

11

knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th

12

Cir. 1989); accord *Starr v. Baca*, 652 F.3d 1202, 1205–06 (9th Cir. 2011); *Corales v. Bennett*,

13

567 F.3d 554, 570 (9th Cir. 2009). Supervisory liability may also exist without any personal

14

participation if the official implemented "a policy so deficient that the policy itself is a

15

repudiation of the constitutional rights and is the moving force of the constitutional violation."

16

*Redman v. Cty. of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations

17

marks omitted), abrogated on other grounds by <u>*Farmer v. Brennan*</u>, 511 U.S. 825 (1970).

18

To prove liability for an action or policy, the plaintiff "must... demonstrate that his

19

deprivation resulted from an official policy or custom established by a... policymaker possessed

20

with final authority to establish that policy." *Waggy v. Spokane County Washington*, 594 F.3d

21

707, 713 (9th Cir.2010). When a defendant holds a supervisory position, the causal link between

22

such defendant and the claimed constitutional violation must be specifically alleged. See *Fayle v.*

23

*Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir.

24

1978). Vague and conclusory allegations concerning the involvement of supervisory personnel in

25

civil rights violations are not sufficient. See *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir.

26

1982).

27

Plaintiff's conclusory statements, without factual support, are insufficient to state a

28

cognizable claim of supervisory liability. *See Iqbal*, 556 U.S. at 678. Plaintiff has failed to allege

4

facts to support that any supervisory Defendant participated in or directed the violations, or knew of the violations and failed to act to prevent them. Plaintiff also has failed to plead facts showing that any policy was a moving force behind the assault. See *Willard v. Cal. Dep't of Corr. & Rehab.,* No. 14-0760, 2014 WL 6901849, at *4 (E.D. Cal. Dec. 5, 2014) ("To premise a supervisor's alleged liability on a policy promulgated by the supervisor, plaintiff must identify a specific policy and establish a 'direct causal link' between that policy and the alleged constitutional deprivation.").

While Plaintiff alleges that Defendant Biter was ordered by the court in *Biter I* to allow Plaintiff to appear at the hearing, Plaintiff alleges that actions of another person, the prison counselor and not the warden, were responsible for Plaintiff's nonappearance. Defendant Biter did not directly participate in or direct the violation.

**B.  First Amendment – Access to Court**

Plaintiff appears to argue his case is a Fourteenth Amendment Due Process or Equal Protection claim.  However, his claim of being shut out of court due to prison officials refusing to produce him for a hearing is a First Amendment claim.

Prisoners have a First Amendment right of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 346 (1996). Inmates have a " 'fundamental constitutional right of access to the courts.' " *Lewis v. Casey*, 518 U.S. 343, 346 (1996) (quoting *Bounds v. Smith*, 430 U.S. 817, 828 (1977)). However, the right is limited to direct criminal appeals, habeas petitions, and civil rights actions. *Id.* at 354 (citations omitted). Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim). *Christopher v. Harbury*, 536 U.S. 403, 412-15 (2002). To state a claim based on denial of access to the courts, a plaintiff must allege facts demonstrating that he suffered an actual injury by being shut out of court. *Id.* at 415; *Lewis*, 518 U.S. at 351. Additionally, to properly plead a denial of access to the courts claim, "the complaint should state the underlying claim in accordance with Federal Rule of Civil Procedure 8(a), just as if it were being independently pursued, and a like plain statement should describe any remedy available under the access claim and presently unique

1   to it." *Christopher*, 536 U.S. at 417-18 (footnote omitted).

2          Here, Plaintiff alleges that he lost an existing case in *Biter I,* and therefore asserts a

3   "backward looking claim."  When a prisoner asserts a backward-looking claim, "he must show:

4   1) the loss of a 'non-frivolous' or 'arguable' underlying claim; 2) the official acts frustrating the

5   litigation; and 3) a remedy that may be awarded as recompense but that is not otherwise available

6   in a future suit." *Phillips v. Hust*, 477 F.3d 1070, 1076 (9th Cir.2007) (citing *Christopher*, 536

7   U.S. at 413-414), overruled on other grounds by *Hust v. Phillips*, 555 U.S. 1150 (2009).

8          The Court has reviewed the records attached to the complaint and takes judicial notice of

9   the court records.  *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980) (The court may take

10  judicial notice of court records. ).  In *Biter I,* after the trial court entered judgment against

11  Plaintiff in the action, Plaintiff appealed the judgment.  The Court of Appeal for the Fifth District

12  entered a decision on December 3, 2020 on Plaintiff's appeal, which states the procedural history

13  of the case.  (Appellate Decision, Doc. 1, p. 15 of 67.)  In the appeal, among other things, Plaintiff

14  argued that he required an expert to be appointed and that he was prevented from appearing at the

15  hearing by a prison employee who refused to wait and hung up before his appearance.  (Appellate

16  Decision, Doc. 1, p. 17 of 67.)

17         The Court of Appeal addressed all of Plaintiff's arguments. First, the Court of Appeal

18  addressed Plaintiff's request for appointment of an expert and the trial court's denial of a court

19  appointed expert. (Doc. 1, p. 21-22.)  The Court held that, "[California] Evidence Code 731,

20  subdivision (c) does not authorize the court to appoint an expert for a party at public expense,"

21  and therefore, "the trial court did not abuse its discretion in denying Plaintiff's motions  for

22  appointment of an expert witness at public expense." (Doc. 1, p. 22.)  The Court of Appeal held

23  that Plaintiff had no right to be appointed an expert, and the trial court acted properly in refusing

24  to do so at public expense.

25         In the appeal, Plaintiff also argued that he was prevented from appearing at the summary

26  judgment hearing and that he wanted oral argument to address evidentiary objections raised by

27  defendant.  The Court of Appeal addressed the issue of Plaintiff's failure to appear at the

28  summary judgment hearing.  The appellate court noted that the judgment was entered based upon

the lack of merits of Plaintiff's case, rather than upon any failure to appear:

> "Initially, we reject Plaintiff's suggestion which was based on Kern County Local Rule 2.62, that the trial court dismissed his action due to his failure to appear at the hearing.  The judgment clearly stated it was based on the granting of defendant's summary judgment motion; the order granting that motion found defendant met his burden of showing plaintiff could not prove an essential element of his cause of action, plaintiff did not raise a triable issue of material fact, and defendant was entitled to judgment as a matter of law.  Thus, the judgment was based on the merits of the motion, not on plaintiff's failure to appear at the hearing." (Doc. 1, p.25 of 67.)

The Court of Appeal further addressed Plaintiff's contentions that the defendant's objections to his evidence in *Biter I* were not properly served and he was not able to oppose the objections because he did not appear at the hearing.  (Doc. 1 p. 25.)  However, the Court of Appeal noted that Plaintiff failed to address in the appeal the merits of the objections that defendant raised to plaintiff's evidence nor did plaintiff challenge the sufficiency of the evidence presented by defendant to meet defendant's burden on the summary judgment.  The Court held on appeal, "Because plaintiff has not demonstrated defendant's objections were wrongly sustained, we cannot consider the evidence to which the trial court sustained objections." (Doc. 1, p. 27.)

Based on the above, Plaintiff does not state a cognizable First Amendment claim because Plaintiff cannot show the loss of a 'non-frivolous' or 'arguable' underlying claim.  Plaintiff's allegations that he was denied an expert, was prevented from appearing at the hearing, the summary judgment was granted against him, are not meritorious.  Each of the arguments were raised on Plaintiff's appeal of the trial court's decision and addressed by the Court of Appeal.  As noted in the appeal, Plaintiff lost in *Biter I* because of the failure of proof on his part and he was not entitled to appointment of an expert for his case.  Therefore, Plaintiff does not have a meritorious underlying claim; he did not lose a 'non-frivolous' or 'arguable' underlying claim.  Plaintiff merely seeks to use this Section 1983 action as way to collaterally attack the trial court judgment and appellate decision in *Biter I*.  Section 1983 is not a method to re-adjudicate an action.

### C.  Claim Preclusion – Res Judicata

"Under the doctrine of claim preclusion, a final judgment forecloses successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit." *Taylor v. Sturgell*, 553 U.S. 880. 892 (2008). Put another way, "[c]laim preclusion bars a party in successive litigation from pursuing claims that were raised or could have been raised in a prior action." *Media Rights Techs., Inc. v. Microsoft Corp*., 922 F.3d 1014, 1020 (9th Cir. 2019) (quotation marks and internal alterations omitted). Claim preclusion "applies when the earlier suit (1) involved the same 'claim' or cause of action as the later suit, (2) reached a final judgment on the merits, and (3) involved identical parties or privies." *Mpoyo v. Litton Electro-Optical Sys.,* 430 F.3d 985, 987 (9th Cir. 2005) (internal alterations and quotation marks omitted); *see also Howard v. City of Coos Bay*, 871 F.3d 1032, 1039 ("Claim preclusion requires '(1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties.' ").

Identity of Claims

The Court employs four criteria to determine whether claims are identical: "(1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transaction nucleus of facts." *Harris v. County of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (internal quotation marks and citation omitted). "The fourth criterion is the most important." Id.

After careful consideration of both actions, the Court determines that the allegations in this action arise out of the same nucleus of facts and allege infringement of the same rights as those alleged in *Biter I.*  In both *Biter I* and this action, Plaintiff alleges that he was exposed to long term arsenic and he was prevented from presenting evidence and attending his summary judgment hearing, his expert appointment motion was denied and judgment was entered against him. Plaintiff is attempting to relitigate the *Biter I* action with the same evidence for the violation of the same rights, arising from the same

nucleus of facts.  Therefore, the Court determines that there is an identity of claims as involved in *Biter I. Mpoyo*, 430 F.3d at 987. "Under the Federal Full Faith and Credit Statute, 28 U.S.C. § 1738, 'a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered.' " *Takahashi v. Bd. of Trustees of Livingston Union Sch. Dist.*, 783 F.2d 848, 850 (9th Cir. 1986) (quoting *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984));

While this current action potentially alleges a "denial of access to court," Plaintiff is challenging the same facts that were adjudicated in the underlying action, *Biter I:* he was not allowed to appear at the summary judgment hearing, his evidence was denied, an expert was not appointed, and judgment was entered against him. Plaintiff's purported injury arises out of conduct during *Biter I.* "If two actions involve the same injury to the plaintiff and the same wrong by the defendant, then the same primary right is at stake even if in the second suit the plaintiff pleads different theories of recovery, seeks different forms of relief and/or adds new facts supporting recovery.  *City of Martinez v. Texaco Trading & Transp., Inc.*, 353 F.3d 758, 762 (9th Cir. 2003)).

<u>Final Judgment on the Merits</u>

As described above, there was a judgment on the merits in *Biter I* and an appeal of the judgment.  The California Supreme Court denied the petition for review.  (Doc. 1, p. 10 of 67.)  The judgment is final.

<u>Privity Between Parties</u>

Third, the Court notes that Plaintiff was also the Plaintiff in *Biter I* and that Defendant Biter was also named as a Defendant in *Biter I*. Since Plaintiff and Defendant Biter are identical parties, they are quite obviously in privity. *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1081 (9th Cir. 2003). The claims at issue in this case were fully adjudicated in *Biter I*, regardless of the responsible party for preventing Plaintiff's appearance at the hearing.[1]  Therefore, the Court determines that the

[1] As noted above, Plaintiff cannot to state a 'non-frivolous' or 'arguable' underlying claim for

9

third element for the application of claim preclusion is met.

Consequently, as all three elements of res judicata are satisfied, Plaintiff's claims against Defendant Biter in this action are barred by res judicata.

**D. Judicial Immunity**

It is unclear whether Plaintiff is seeking to bring a claim against Judge Schuett, who presided over *Biter I.* Absolute judicial immunity is afforded to judges for acts performed by the judge that relate to the judicial process. *In re Castillo*, 297 F.3d 940, 947 (9th Cir. 2002), as amended (Sept. 6, 2002). "This immunity reflects the long-standing 'general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.' " *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 922 (9th Cir. 2004). This judicial immunity insulates judges from suits brought under section 1983. *Olsen*, 363 F.3d at 923.  Plaintiff cannot assert a §1983 action against Judge Schuett.

**IV.     Conclusion and Order**

Plaintiff has failed to state a cognizable claim against the named defendant. The deficiencies in the complaint that cannot be cured by amendment. Therefore, the Court concludes that granting leave to amend would be futile.

The Court HEREBY ORDERS the Clerk of the Court to randomly assign a district judge to this action.

Based on the above, IT IS HEREBY RECOMMENDED THAT this action be dismissed, with prejudice, based on Plaintiff's failure to state a cognizable claim upon which relief may be granted.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these Findings and Recommendation, Plaintiff may file written

---

violation of First Amendment access to courts, regardless of the responsible party for preventing Plaintiff's appearance at the hearing.

objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **August 4, 2021**                    /s/ Barbara A. McAuliffe

UNITED STATES MAGISTRATE JUDGE